UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

James Prisk,                                         Case No. 21-cv-1723 (WMW/LIB)

                          Plaintiff,
                                                     **ORDER**
         v.

Travelers Indemnity Company of America,

                          Defendant.

---

Before the Court is Plaintiff James Prisk's motion for summary judgment. (Dkt. 16). For the reasons addressed below, the Court grants Prisk's motion.

## BACKGROUND

Prisk, a resident of Minnesota, alleges that on or about May 21, 2020, he was struck by a vehicle owned by the City of Hermantown (Hermantown). The parties agree that, at the time of the accident, Defendant Travelers Indemnity Company of America (Travelers) insured Hermantown. The parties have stipulated that there are no facts in dispute and that the sole issue before the Court is the applicable limit of coverage under the insurance policy between Hermantown and Travelers (the Policy). Prisk asserts that the coverage limit under the Policy is $2,000,000. Travelers contends that the coverage limit is $500,000.

The parties obtained the Court's permission to file motions for summary judgment before the close of fact discovery. Prisk now moves for summary judgment.

## ANALYSIS

Summary judgment is proper when the record before the district court establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, a district court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014). The nonmoving party may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts [that] create a genuine issue for trial." *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted).

The interpretation of an insurance policy is governed by state law. *See Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010); *Midwest Fam. Mut. Ins. Co. v. Wolters*, 831 N.W.2d 628, 636 (Minn. 2013). The interpretation of insurance policy language is a question of law, *Jenoff, Inc. v. N.H. Ins. Co.*, 558 N.W.2d 260, 262 (Minn. 1997), and general principles of contract interpretation apply to insurance policies, *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn. 1998). "An insurance policy must be construed as a whole, and unambiguous language must be given its plain and ordinary meaning." *Midwest Fam. Mut. Ins. Co.*, 831 N.W.2d at 636 (internal quotation marks omitted).

Municipal tort liability is statutorily capped at $500,000 in Minnesota. Minn. Stat. § 466.04, subdiv. 1(a)(3). But municipalities may procure insurance coverage that exceeds the statutory municipal tort cap. Minn. Stat. § 466.06. The procurement of insurance coverage that exceeds the municipal tort cap waives the municipal tort cap "to the extent that valid and collectible insurance . . . exceeds those limits and covers the claim." *Id.*

The Minnesota Supreme Court has held that when "a municipality expends public funds for the purchase of liability insurance, such expenditure constitutes a waiver [of the municipal tort caps] by the municipality and its insurer to the extent of the policy coverage." *Schoening v. U.S. Aviation Underwriters, Inc.*, 120 N.W.2d 859, 865 (Minn. 1963). The waiver provision in Minnesota Statutes Section 466.06 applies to the liability limits in Minnesota Statutes Section 466.04. *Casper v. City of Stacy*, 473 N.W.2d 902, 904–05 (Minn. Ct. App. 1991) (concluding that "the legislature did not authorize the expenditure of public funds for the purchase of liability insurance in excess of the liability limits of section 466.04 and at the same time not allow recovery beyond those limits," because such a result would be unreasonable).

Although parties are generally free to contract as they desire, insurance policy provisions may not contravene applicable statutes. *Am. Fam. Mut. Ins. Co. v. Ryan*, 330 N.W.2d 113, 115 (Minn. 1983); *accord Frazier v. Bickford*, No. 14-cv-3843 (SRN/JJK), 2015 WL 6082734, at *4 (D. Minn. Oct. 15, 2015) (observing that "parties are not free to contract away legal protections designed to benefit a third party"). As such, "when a municipality procures insurance coverage exceeding the statutory liability caps set by

3

Minn. Stat. § 466.04, it waives those caps pursuant to Minn. Stat. § 466.06, even if the insurer attempts to avoid waiver by including a non-waiver provision in its policy." *Frazier*, 2015 WL 6082734, at *4.

Prisk seeks a declaration that Hermantown waived the statutory municipal tort cap when it purchased additional insurance coverage from Travelers and, therefore, that the coverage limit for Prisk's claim is $2,000,000 under the Policy. Travelers argues that the Policy's coverage does not exceed $500,000, the statutory cap, because the Policy provides for a $500,000 coverage limit for accidents subject to the municipal tort cap and a $2,000,000 coverage limit for accidents not subject to the municipal tort cap. Travelers contends that the parties contracted around the waiver of liability insurance by providing two different coverage limits: a lower limit for accidents subject to the municipal tort cap and a higher limit for accidents not subject to the municipal tort cap. Because of the different limits, Travelers argues, there is no valid and collectible insurance above the municipal tort cap as to accidents subject to the municipal tort cap.

The Policy provides $2,000,000 in coverage for "covered autos liability," which the Policy states is the "most we will pay for any one accident or loss." But the Policy also includes a "statutory cap limits of insurance endorsement," which provides that "the Minnesota Each Claimant Limit – Statutory Cap is the most that we will pay for the combined total of . . . [a]ll damages because of 'bodily injury' and 'property damage' . . . [t]hat are subject to Minnesota's statutory caps on damages for governmental tort liability in . . . Minnesota Statute[s] Section 466.04." In light of the statutory cap endorsement, Travelers contends, the Policy provides only $500,000 in coverage for Prisk's claim

because his claim is subject to Minnesota's statutory cap.  In support of its argument, Travelers relies on *Babinski v. American Farm Insurance Group*, in which the United States Court of Appeals for the Eighth Circuit determined to be enforceable a "drop-down" provision capping liability coverage for a certain category of accidents at a level below the overall coverage limit.  569 F.3d 349, 352 (8th Cir. 2009).  But because the interaction between a drop-down provision and a statutory tort cap and waiver was not at issue in *Babinski*, its holding does not resolve the issue in this case.

Prisk relies on *Frazier v. Bickford*, in which the insurance policy at issue contained a $5,000,000 limit on coverage.  2015 WL 6082734 at *1.  The policy also contained a provision that stated that "[n]othing contained in this policy shall be deemed a waiver of any statutory immunity or limitation of liability available to any *insured*."  *Id.* Relying on statutory interpretation and legislative history, the court in *Frazier* held that such a non-waiver provision "cannot subvert the dictates of Minn. Stat. § 466.06, which direct that the procurement of insurance beyond the statutory caps waives those limits." *Id.* at *4.

*Frazier* is distinguishable, Travelers argues, because it involved a non-waiver provision as opposed to an endorsement that limits coverage for claims subject to the municipal tort cap.  But the distinction is one of form, not function.  Both seek to avoid Minnesota Statutes Section 466.06 and the Minnesota Court of Appeals' decision in *Casper*, which provide that acquiring liability insurance in excess of the municipal tort caps waives those tort caps.  473 N.W.2d at 904–05.  The effect of a non-waiver provision and an endorsement limiting coverage is the same—a reduction in the general

coverage limit for claims subject to the municipal tort cap.  Under Minnesota law, "the legislature intends to favor the public interest as against any private interest."  Minn. Stat. § 645.17(5).  The Minnesota Court of Appeals has concluded that "the legislature did not authorize the expenditure of public funds for the purchase of liability insurance in excess of the liability limits of section 466.04 and at the same time not allow recovery beyond those limits," because such a result would be unreasonable.  *Casper*, 473 N.W.2d at 904–05.  Here, to hold that a municipality and insurance company can contract around a statute intended to protect tort victims would be a "mere gift[] to the insurance carrier[]." *Schoening*, 120 N.W.2d at 865.  Such a result would contravene the Minnesota legislature's intent to favor the public interest against any private interest.

For these reasons, when Hermantown purchased $2,000,000 in insurance coverage from Travelers, it waived the $500,000 statutory tort cap.  Travelers and Hermantown cannot undo the waiver by including an endorsement purporting to limit coverage to $500,000 for claims subject to the statutory tort cap because such an endorsement contravenes Minnesota Statutes Section 466.06 and is, therefore, unenforceable.  The Policy between Hermantown and Travelers authorizes up to $2,000,000 in coverage for Prisk's claim.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Plaintiff James Prisk's motion for summary judgment,

(Dkt. 16), is **GRANTED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  July 18, 2022                                  s/Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                      United States District Judge